## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | | |
|---|---|---|
| **JERMAINE RAINES,** | } | |
| | } | |
| **Plaintiff,** | } | |
| | } | |
| **v.** | } | **Case No.: 2:17-cv-00974-RDP-JEO** |
| | } | |
| **JOHN DOE CALDWELL, et al.,** | } | |
| | } | |
| **Defendants.** | } | |

## MEMORANDUM OPINION

This case is before the court on Defendants' Special Report (Doc. # 19), which the court has construed as a Motion for Summary Judgment (Doc. # 20), Plaintiff's Motion for Judgment on the Pleadings (Doc. # 29), and the Magistrate Judge's Report and Recommendation (Doc. # 30). On June 8, 2018, the Magistrate Judge directed the parties to file any objections to his Report and Recommendation within fourteen days. (Doc. # 30 at 12-13). No objections have been filed.

After careful consideration of the record in this case and the Magistrate Judge's Report and Recommendation, the court hereby **ADOPTS** the Report of the Magistrate Judge. The court further **ACCEPTS** the recommendations of the Magistrate Judge that all of Plaintiff's claims, including his Eighth Amendment and due process claims, be dismissed with prejudice. In adopting the Magistrate Judge's Report and Recommendation, the court observes that Plaintiff's factual allegations (which he relies on in opposing Defendants' summary judgment motion) present no deprivation of basic sanitation, such as a deprivation of running water, toiletries, or bathroom access or forced contact with human waste, that rises to the level of an Eighth

Amendment violation.  *See, e.g.*, *Brooks v. Warden*, 800 F.3d 1295, 1303-05 (11th Cir. 2015); *Chandler v. Baird*, 926 F.2d 1057, 1063, 1065-66 (11th Cir. 1991).  Nor has Plaintiff asserted that the prison failed to adequately clean his cell or that Defendants denied him access to cleaning materials.  *Cf. Quintanilla v. Bryson*, 2018 WL 1640140, at *7 (11th Cir. Apr. 5, 2018).

The Report and Recommendation has not analyzed Plaintiff's Motion for Judgment on the Pleadings (Doc. # 29).  " 'Judgment on the pleadings is appropriate where there are no material facts in dispute and the moving party is entitled to judgment as a matter of law.'  In determining whether a party is entitled to judgment on the pleadings, [the court accepts] as true all material facts alleged in the non-moving party's pleading, and [the court views] those facts in the light most favorable to the non-moving party."  *Perez v. Wells Fargo N.A.*, 774 F.3d 1329, 1335 (11th Cir. 2014) (quoting *Cannon v. City of W. Palm Beach*, 250 F.3d 1299, 1301 (11th Cir. 2001)).  Here, Defendants' special report has been deemed to be their answer to the complaint.  (*See* Doc. # 6 at 4).  In the special report, Defendants assert that Plaintiff never submitted a complaint about his cell conditions to a segregation review board, Defendant Angela Miree, or Defendant Shannon Caldwell.  (Doc. # 19 at 5).  Because these facts are accepted as true for purposes of Plaintiff's Motion for Judgment on the Pleadings, that motion is due to be denied for failure to show Defendants' deliberate indifference towards Plaintiff's health or safety.  Additionally, Plaintiff's Motion for Judgment on the Pleadings is due to be denied for the reasons explained in the Report and Recommendation.  For these reasons, the court will deny Plaintiff's Motion for Judgment on the Pleadings.  (Doc. # 29).

A separate order in accordance with the Memorandum Opinion will be entered.

**DONE** and **ORDERED** this July 10, 2018.

R. DAVID PROCTOR
UNITED STATES DISTRICT JUDGE